## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,         )
425 Third Street, S.W., Suite 800   )
Washington, DC 20024,        )
                              )
          Plaintiff,     )
                              )      Civil Action No.
v.                           )
                              )
U.S. DEPARTMENT OF STATE,   )
The Executive Office         )
Office of the Legal Adviser, Suite 5.600 )
600 19th Street, N.W.        )
Washington, DC 20522,        )
                              )
         Defendant.    )
                              )

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against the U.S. Department of State

("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As

grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency,

accountability, and integrity in government and fidelity to the rule of law.  As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.    Defendant U.S. Department of State is an agency of the United States Government headquartered at 2201 C Street, N.W., Washington, DC 20520.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.    On November 1, 2018, Plaintiff electronically submitted a FOIA request to Defendant through its website seeking access to:

**Any and all records of communication between Ambassador Victoria Nuland and any of the following individuals between January 1, 2016 and January 25, 2017:**

**Professor Joseph Mifsud**
**Mr. Christopher Steele**
**Mr. Glenn Simpson**
**Mrs. Nellie Ohr**
**Former CIA Director John Brennan**
**Former Undersecretary of State Patrick Kennedy**
**Former Attorney General Loretta Lynch**
**Deputy Attorney General Rod Rosenstein**
**Former Acting Attorney General Sally Yates**
**Former Assistant Attorney General John P. Carlin**
**Former Deputy Assistant Attorney General George Toscas**
**Former DOJ Official David Laufman**
**Former Homeland Security Advisor Lisa Monaco**
**Former Associate Deputy Attorney General Bruce Ohr**
**Former FBI Director James Comey**
**Former FBI Deputy Director Andrew McCabe**
**Former FBI Agent Peter Strzok**
**FBI Attorney Lisa Page**
**FBI Attorney James Baker**
**Former FBI Chief of Staff James Rybicki**
**FBI Assistant Director Edward William Priestap**
**Former FBI Agent John Giacalone**
**Former FBI Agent Michael Steinbach**
**Former FBI Agent Josh Campbell**

6.    By letter dated November 27, 2018, Defendant acknowledged receipt of Plaintiff's request on November 1, 2018 and assigned the request FOIA Control Number F-2019-00960.

7.    As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

8.    Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.    Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

10.    To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA. Accordingly, Defendant's determination was due, at the latest, by December 3, 2018.

11.    Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold

any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an

award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5

U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and

proper.

Dated:  March 1, 2019                          Respectfully submitted,

                                               /s/ *James F. Peterson*
                                               James F. Peterson
                                               D.C. Bar No. 450171
                                               JUDICIAL WATCH, INC.
                                               425 Third Street S.W., Suite 800
                                               Washington, DC 20024
                                               Tel:    (202) 646-5172
                                               Email: jpeterson@judicialwatch.org

                                               *Counsel for Plaintiff*